# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2022

Lyle W. Cayce
Clerk

No. 22-20168

Tokio Marine Specialty Insurance Company,

*Plaintiff/Counter-Defendant—Appellee*,

*versus*

Flow-Chem Technologies, L.L.C.,

*Defendant/Counter-Claimant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1523

Before King, Higginson, and Willett, *Circuit Judges*.
Per Curiam:*

Tokio Marine Specialty Insurance Company sought a declaration that it owes no defense, indemnity, or other insurance obligation to Flow-Chem Technologies, LLC in connection with a fire at Flow-Chem's chemical blending facility in Rayne, Louisiana.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20168

Flow-Chem's now-parent company Dorf Ketal Chemicals, LLC obtained the Tokio Marine policy prior to acquiring Flow-Chem. The policy provides coverage for environmental and remediation expenses at specific locations identified by Dorf Ketal. One such location is Flow-Chem's Rayne Facility, which the policy categorizes as a "scheduled non-owned location." The policy defines "scheduled non-owned location" as "a site that is not owned, leased, managed or operated by you, your parent, subsidiaries or affiliates and scheduled to this policy in this endorsement." Since Dorf Ketal acquired Flow-Chem before the fire at the Rayne Facility, the Rayne Facility was a site owned by a subsidiary of Dorf Ketal at the time of the fire. Therefore, the Rayne Facility no longer qualifies as a "scheduled non-owned location" under the plain meaning of the Tokio Marine policy. Accordingly, the district court held that the Rayne Facility is not covered by the Tokio Marine policy, granting summary judgment to Tokio Marine and dismissing all counterclaims against Tokio Marine.[1]

Because we agree with the district court that the insurance policy unambiguously excludes coverage of Flow-Chem's Rayne Facility, we AFFIRM.

---

[1] Specifically, the district court granted Tokio Marine's request for declaratory judgment but denied Tokio Marine's request for attorney fees.